UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | Civil Action No.: 4:09-cv-0356-TLW-TER |
| Plaintiffs, | |
| -vs- | REPORT AND RECOMMENDATION |
| HOMEWOOD FARM SUPPLY, INC., | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff brings this case seeking freight and finance charges assessed to Defendant pursuant to applicable tariffs governing the common carriage of freight by CSX Transportation, Inc. (CSX), an interstate rail carrier, and mandated by 49 U.S.C. § 11101.[1]  Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 12).  All pretrial proceedings and motions pursuant to 28 U.S.C. § 636.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

CSX moved frieght via interstate rail between December 2006 and March 2008 on behalf of Homewood Farm Supply, Inc. (Homewood).  Complaint ¶ 8.  CSX presented Homewood with freight bills for the freight charges for the movement and bills for finance charges associated with this service, in the amount of $37,683.03, and demanded payment, in accordance with the rates set forth in the applicable tariffs and bills of lading at issue in this case as well as 49 U.S.C. § 11101.

---

[1] Jurisdiction is based upon 28 U.S.C. § 1337(a).  See 13D Wright & Miller, Federal Practice and Procedure § 3561.1 n.24 (2009) (citing Kansas City Terminal Ry. Co. v. Jordan Manufacturing Co., 750 F.2d 551, 552 (7th Cir. 1984) (minimum amount in controversy not applicable)).

Id. at ¶ 9. Homewood has failed to pay these charges and continues to accrue finance charges. Id. at ¶ 10-11.

Plaintiff filed this action on February 10, 2009, and served Defendant on February 12, 2009. See Return of Service (Document # 6). When Defendant failed to file an Answer or otherwise respond, Plaintiff filed a Request for Entry of Default (Document # 8). The Clerk's Entry of Default (Document # 10) was filed on April 23, 2009. Plaintiff filed the present Motion for Default Judgment on May 19, 2009. Defendant has never made an appearance in this case.

### III. DISCUSSION

Rule 55(b), Fed.R.Civ.P., allows for entry of default judgment if the plaintiff's claim is for a sum certain with an affidavit showing the amount due.[2] Plaintiff asserts in its Complaint that the amount owed by Defendant is $37,683.03. In addition, attached to its Motion for Default Judgment is the Affidavit of Kay Fearrington, an employee of CSX. Fearrington Aff. at ¶ 1. Fearrington avers that Defendant incurred $37,683.03 in railcar freight, finance and interest charges for the interstate rail transportation of freight. Id. at ¶¶ 3-4. She also attaches to her Affidavit a spreadsheet which indicates the charges incurred by Defendant between December 31, 2006 through March 26, 2008., totaling $37,683.03.

Thus, because Plaintiff's claim is for a sum certain as supported by the Affidavit of Kay Fearrington and the Exhibit thereto, entry of default judgment is proper.

### IV. CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 12) be granted and judgment be entered against Defendant in the amount of

---

[2]When this is the case, the Clerk may enter default judgment.

$37,683.03, plus interest and costs. Plaintiff's counsel is directed to submit an Affidavit of Costs within ten days from the date of the Report and Recommendation so that judgment may be entered accordingly should the district judge adopt this Report and Recommendation.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 29, 2009
Florence, South Carolina